WILLIAM R. PROCTOR *vs.* SULLIVAN LOTHROP *et al.*

·Somerset.    Decided June 6, 1878.

*Poor debtor.*

The certificate of the creditor's oath upon a writ, to authorize the arrest of the debtor, must state clearly all the facts required by the statute.

The statement that the property about to be taken by the debtor is more than is required for "immediate support" is not sufficient. It should appear by apt words that it is the debtor's support referred to, and not that of any other person or persons.

ON EXCEPTIONS.

TRESPASS for illegal arrest. The defendants justified under a writ, *Sullivan Lothrop* v. *William R. Proctor*, on which was an affidavit, dated November 2, 1875, sworn to before Enoch E. Brown, a justice of the peace, and of the following tenor :

" Then personally appeared Sullivan Lothrop, within named, and on oath says that he has good reason to believe, and does believe, that William R. Proctor, the debtor within named, is about to depart and reside beyond the limits of this state, and take with him property or means of his own, exceeding the amount required for immediate support. And that the sum sued for in this writ is justly due him, at the least ten dollars of it."

The presiding justice ruled the affidavit insufficient to justify the arrest ; and the defendants alleged exceptions.

*J. H. Webster* with *S. D. Lindsey*, for the defendants, contended that the affidavit was a substantial compliance with R. S., c. 113, § 2, authorizing the arrest " when " the debtor " is about to depart, [etc.] with property or means of his own exceeding the amount required for his immediate support, if the creditor, his agent or attorney, makes oath [etc.] that he has reason to believe, and does believe, that such debtor is about so to depart, reside and take with him property or means as aforesaid ;" that the words in the certificate, " on oath says," are equivalent to the statute phrase " makes oath," and that " immediate support " is here equivalent to " his immediate support."

*D. D. Stewart*, for the plaintiff.

DANFORTH, J. By the repeated decisions of this court it has been held that, to authorize the arrest of a contract debtor, the certificate of a magistrate upon the writ must show that all the facts required by the statute were sworn to by the creditor, or some one in his behalf; not necessarily in the language of the statute, but if not, in its equivalent, so that nothing shall be left to inference. *Sargent* v. *Roberts*, 52 Maine, 590, and cases cited. *Bailey* v. *Carville*, 62 Maine, 524.

In this case it appears from the certificate that the creditor on oath says that the debtor is about to depart and take with him property exceeding the amount required "for immediate support." The statute requires that it should appear that the property taken should exceed the amount required "for *his* immediate support." These two phrases do not necessarily mean the same thing. That in the certificate is indefinite. It may apply to the debtor, or some other person, or more than one person. That in the statute applies necessarily to the debtor and to him alone. Nor does the connection in which the phrase is used in the certificate limit its application to the debtor. True, we may infer, and probably most persons would infer, that the support intended was that of the debtor. But this would be a matter of inference. The certificate does not so state. Besides, the inference would be drawn from the fact that the law requires it, rather than from the reading of the certificate. We may, too, feel quite certain that the word "his" was omitted by mistake, yet it is none the less an omission.

The test furnished in the argument of the defendants' counsel is undoubtedly the true one. "If the certificate may all be true, and the statute not complied with, there is no evidence of authority to arrest." This certificate may all be true, and yet nothing stated in it as to the "immediate support" of the debtor.

*Exceptions overruled.*

WALTON, DICKERSON, VIRGIN and LIBBEY, JJ., concurred.